IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael J. Peckally<br>Jennifer E. Peckally<br>       Debtors | CHAPTER 13 |
| Nationstar Mortgage LLC<br>       Movant<br>vs. | NO. 16-10072 JKF |
| Michael J. Peckally<br>Jennifer E. Peckally<br>       Debtors | 11 U.S.C. Section 362 |
| William C. Miller<br>       Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$5,820.40,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2017 to October 2017 at $1,820.68/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Less Suspense Balance: | $672.64 |
| **Total Post-Petition Arrears** | **$5,820.40** |

2. The Debtors shall cure the aforesaid arrearage in the following manner:

a). Debtors shall modify their Chapter 13 Plan to provide for payment of the post-petition arrears of **$5,820.40** through the Plan, together with the pre-petition arrears for which the Plan already provides. Debtors shall file a motion to modify the Plan post-confirmation within seven (7) days of the court order approving of and/or granting this stipulation, if such step is required for modifying the Plan.

b). Movant shall file an Amended or Supplemental Proof of Claim that provides for payment of the post-petition arrears of **$5,820.40** along with the pre-petition arrears;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2017 and continuing thereafter, Debtors shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payments of $1,820.68 (or as adjusted under the terms of the mortgage), which payments are due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed with Movant's instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant as well as any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

*Peckally — #16-10072*

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 27, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 11/8/2017

_____
David M. Offen, Esquire
Attorney for Debtors

Date: 11-9-2017

_____
William C. Miller
Chapter 13 Trustee

**NO OBJECTION**
*without prejudice to any trustee rights or remedies

Approved by the Court this ___ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Jean K. FitzSimon
Bankruptcy Judge