IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :     Chapter 13

Michael J. Peckally                 :     No. 16-10072-ELF
Jennifer E. Peckally

    Debtors

## ORDER

**AND NOW**, this \_\_\_7th\_\_\_ day of \_\_\_March\_\_\_, 2018, upon consideration of the Motion to Sell Real Property filed by debtors, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED**, that debtors are granted permission to sell their real property located at 2205 Avenue A, Levittown PA 19056 ("Property"), free and clear of all liens, for the sale price of $239,900.00, pursuant to the terms of a certain real estate agreement of sale dated as of January 22, 2018, to the buyer(s) thereunder, Debra Douglas("Buyer"), who has been represented to be purchasing the Property.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters

2. Liens and Mortgages paid at closing

3. Real estate taxes, sewer, trash and/or other such items

4. Property repairs, if any

5      Real estate commission, at no greater than 6%

6.     Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement

After paying all liens in full and all costs of sale, the title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

The title company shall then pay the debtor his monies if the same is less than any exemption to which he is entitled. If there are any excess monies, then the same shall be paid to the Chapter 13 trustee for distribution to the unsecured creditors. At this time it is not expected for there to be any excess funds.

The 14 day stay under Rule 6004(h) is hereby waived and the parties are permitted to proceed with settlement prior to the expiration of 14 days.

_____
ERIC L. FRANK
~~CHIEF~~ U.S. BANKRUPTCY JUDGE